Dear Vice-Chairman Mark O. Bardsley,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Is any action that is lawfully approved by the OklahomaReal Estate Appraisers Board ("Board") subject to review or vetoby the Oklahoma Insurance Department ("Department")?
 2. What is the relationship between the Board and theDepartment in regard to expenditure of funds from the OklahomaCertified Real Estate Appraisers Revolving Fund?
 3. What is the relationship between the Board and theDepartment in regard to the employment or appointment ofattorneys to advise or represent the Board?
 I. Background A. The Powers And Duties Of The Real Estate Appraiser Board
¶ 1 Your inquiry references the Oklahoma Certified Real Estate Appraisers Act ("State Act"). 59 O.S. 2001, §§ 858-700-858-732. The intent of the Legislature was to develop a certification process to comply with federal guidelines in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("Federal Act"). 12 U.S.C. §§ 3331-3400.
 It is the intent of the Legislature to develop a real estate appraiser certification process which meets the federal guidelines set forth in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. The purpose of the Oklahoma Certified Real Estate Appraisers Act is to provide appraisers within the state a process for certification which will allow them to participate in a federally related transaction and real estate-related financial transactions of the agencies, instrumentalities and federally recognized entities as defined and recognized in Title XI of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989.
59 O.S. 2001, § 858-701[59-858-701] (footnotes omitted).
¶ 2 The purpose of the Federal Act is to protect federal financial and public policy interests in real estate related transactions.
 The purpose of this chapter is to provide that Federal financial and public policy interests in real estate related transactions will be protected by requiring that real estate appraisals utilized in connection with federally related transactions are performed in writing, in accordance with uniform standards, by individuals whose competency has been demonstrated and whose professional conduct will be subject to effective supervision.
12 U.S.C. § 3331 (2001).
¶ 3 The State Act allows Oklahoma real estate appraisers who meet certification requirements to participate in federally-related transactions:
A. This act shall only apply to:
1. Any appraisal or appraiser involving the following:
a. a federally related transaction,
 b. real estate-related financial transactions of the agencies, instrumentalities, and federally recognized entities covered by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, and
 c. any real estate-related transactions where an appraisal report was made under a written agreement that the appraisal report would follow the Uniform Standards of Professional Appraisal Practice guidelines or where a written appraisal states that it is in compliance with the Uniform Standards of Professional Appraisal Practice; and
2. Appraisers certified or licensed pursuant to the Oklahoma Certified Real Estate Appraisers Act to the extent that the appraisers and any real property valuation performed by them shall conform to the code of ethics as set forth in this act.
59 O.S. 2001, § 858-702[59-858-702] (footnotes omitted).
¶ 4 To implement the provisions of the State Act, the Legislature established an independent Real Estate Appraiser Board adjunct to the Oklahoma Insurance Department.
 There is hereby established as an adjunct to the Department an independent Real Estate Appraiser Board. . . .
Id. § 858-705(A) (emphasis added).
¶ 5 The statutory language reflects a clear intent to establish a Board which functions independently of the Department in regard to all of the actions it is empowered to perform as provided by law. "Actions of the Board shall not be subject to review by theDepartment." Id. § 858-706(C) (emphasis added).
¶ 6 The powers and duties of the Board authorize the promulgation of regulations setting out requirements for certification, administrative procedures for disciplinary proceedings, and such other functions necessary to implement the State Act:
B. The Board shall have the following powers and duties:
 1. To further define by regulation and with respect to each category of Oklahoma certified real estate appraisers the type of educational experience, appraisal experience, and equivalent experience that will meet the requirements of the Oklahoma Certified Real Estate Appraisers Act, as approved by the Appraisal Subcommittee;
 2. To establish the examination specifications for each category of Oklahoma certified real estate appraiser;
 3. To approve or disapprove applications for certification and issue certificates;
 4. To further define by regulation and with respect to each category of Oklahoma certified real estate appraiser, the continuing education requirements for the renewal of certification that will meet the requirements of the Oklahoma Certified Real Estate Appraisers Act as approved by the Appraisal Subcommittee;
 5. To review from time to time the standards for the development and communication of real estate appraisals provided in the Oklahoma Certified Real Estate Appraisers Act and to adopt regulations explaining and interpreting the standards;
 6. To establish administrative procedures for disciplinary proceedings conducted pursuant to the provisions of the Oklahoma Certified Real Estate Appraisers Act;
 7. To censure, suspend and revoke certificates pursuant to the disciplinary proceedings provided in the Oklahoma Certified Real Estate Appraisers Act; and
 8. To perform such other functions and duties as may be necessary in carrying out the provisions of the Oklahoma Certified Real Estate Appraisers Act.
Id. § 858-706 (emphasis added).
 B. The Role Of The Insurance Department With Respect To The Real Estate Appraisers Board
¶ 7 In comparison to the Board, the powers and duties of the Department are strictly limited to providing administrative support to the Board in carrying out its statutory powers, and assistance as may be requested by the Board.
The Insurance Department shall have the following powers and duties:
1. To receive application for Oklahoma certification;
 2. To establish the administrative procedures for processing applications for Oklahoma certification;
 3. To maintain a registry of the names and addresses of people certified pursuant to the provisions of the Oklahoma Certified Real Estate Appraisers Act and transmit such registry to the Appraisal Subcommittee;
 4. To retain records and all application materials submitted to it; and
 5. To assist the Board in such other manner as may be requested.
Id. § 858-707 (emphasis added) (footnote omitted).
¶ 8 Absent a request from the Board, the powers of the Department are specifically limited to receiving applications for certification, establishing administrative procedures for processing applications, maintaining and transmitting a registry of persons certified by the State Act to the Appraisal Subcommittee, and retaining records and application materials. This limitation on the role of the Department is further indicated by the classification of the Insurance Commissioner as "ex officio" Chairperson of the Board without the right to vote on Board actions, except in the case of a tie. Id. § 858-705.1(A).
¶ 9 The Chairperson's duties are also strictly limited by statute to providing the following administrative tasks, subject to approval by the Board.
B. As Chairperson, the Insurance Commissioner, in addition to his duties prescribed by law as Insurance Commissioner on the effective date of this act, shall be required to perform the following duties, for which duties he shall be paid an additional Twelve Thousand Dollars ($12,000.00) annually, payable monthly from appropriations made to the Insurance Department:
1. Keep records of the proceedings of the Board;
 2. Call special meetings of the Board when in the judgment of the chairperson it is necessary or proper to do so;
 3. Procure appropriate examination questions and answers which shall meet criteria established by the Appraisal Subcommittee and approved by the Board;
 4. Develop guidelines for administration of and grading of the examinations in accordance with standards promulgated by the Appraisal Subcommittee and approved by the Board;
 5. Prepare and file a[n] annual report with the Speaker of the House, the President Pro Tempore of the Senate, and the Governor detailing the number of applicants for the examination and the pass/fail rate;
 6. Formulate a study to evaluate the number of appraisers licensed or certified by the state on a countywide basis and report to the Speaker of the House, the President Pro Tempore of the Senate, and the Governor concerning whether there is a shortage of qualified appraisers in the state;
 7. Establish and maintain a recordkeeping system approved by the Board to monitor compliance with the continuing education requirements imposed by law;
 8. Make recommendations to the Board concerning the establishment of administrative procedures for conducting disciplinary proceedings pursuant to the provisions of this act;
 9. Develop a procedure approved by the Board
whereby persons aggrieved by the actions of a licensed or certified appraiser may file complaints with the Board;
 10. Annually compile and file a report with the Speaker of the House, President Pro Tempore of the Senate, and the Governor detailing the number of complaints received by the Board, the resulting number of investigations and hearings conducted and the final disposition of these matters;
 11. Prepare and file a report with the Speaker of the House, the President Pro Tempore of the Senate, and the Governor evaluating the impact of the voluntary licensure/certification program on future appraisers and recommend whether an appraiser trainee or apprenticeship program should be instituted; and
 12. Submit to the Speaker of the House, the President Pro Tempore of the Senate, and the Governor on or before January 1, 1994, a report evaluating the impact of the licensure/certification requirements imposed by this act on the appraiser and banking industry and include in the report any recommendations for amendments to the Oklahoma Certified Real Estate Appraisers Act.
Id. § 858-705.1 (footnotes omitted) (emphasis added).
¶ 10 Approval by the Board is required, as noted above, in regard to powers and duties of the Insurance Commissioner specifically authorized by the Legislature. As noted above in paragraph 8, the Commissioner may make recommendations to the Board regarding establishment of administrative procedures for the conduct of disciplinary proceedings. However, no statutory authority is granted to the Department or the Commissioner to take any action in regard to processing a disciplinary complaint. On the contrary, the specific statutory provisions grant sole authorization to the Board to conduct disciplinary proceedings.Id. § 858-723(A). As compensation to the Commissioner for performance of these duties, the Legislature provided an additional Twelve Thousand Dollars ($12,000.00) annually. Id. § 858-705.1(B).
 II. The Actions Approved By The Real Estate Appraisers Board Are Not Subject To Review Or Veto By The Insurance Department.
¶ 11 The Legislature's use of the word "adjunct" to define the relationship of the Board to the Department connotes the common, ordinary meaning of this word as "something joined or added to another thing but not essentially a part of it." Webster's Third New International Dictionary 27 (3d ed. 1993). The State Act describes the Board at Section 858-705(A) as "independent," as understood in its common, ordinary meaning, i.e., "not dependent: as a (1): not subject to control by others: not subordinate: self-governing, autonomous, free." Webster's Third New International Dictionary 1148 (3d ed. 1993). The Legislature made clear its intent to establish the Board free from any control by the Department. The Legislature, in creating the Department and the position of Commissioner in the Oklahoma Insurance Code, included no reference to the Board. See 36 O.S. 2001 Supp. 2002, §§ 101-6804. The Insurance Code has no application to the Board.
¶ 12 The cardinal rule in ascertaining the intent of the Legislature in construction of a statute is to consider the language of the statute as a whole in light of its general purpose. Okla. Journal Publ'g Co. v. City of Oklahoma City,620 P.2d 452, 454 (Okla.Ct.App. 1979). Based upon the foregoing analysis of the State Act, the legislative intent in creating the Board as "independent" from and "adjunct" to the Department was to join it with the Department for purposes of providing administrative support and staff services without making it a part of the Department and to ensure its autonomy, free from review or control by the Department. The Legislature thereby ensured its independence in all actions reserved to the Board in carrying out the provisions of the State Act. This intent is further exemplified by the limited nature of the powers and duties granted to the Department and Commissioner.
 III. The Power To Approve Expenditure Of Funds In The Certified Real Estate Appraisers Revolving Fund Is Reserved To The Board.
¶ 13 The Legislature created the Oklahoma Certified Real Estate Appraisers Revolving Fund, into which all fees collected by the Department are to be deposited.
 There is hereby created the "Oklahoma Certified Real Estate Appraisers Revolving Fund". The fund shall consist of all monies, other than appropriated monies, received by the Department from fees collected. The fund shall be a continuing fund not subject to fiscal year limitations and shall be subject to the administrative direction of the Department. Expenditures from the fund shall be made upon warrants issued by the State Treasurer against claims made to the Director of State Finance. Monies may be expended for the operating expenses of the Department and the Board and shall be made pursuant to the laws of this state.
Id. § 858-730.
¶ 14 The fund is subject to the "administrative direction" of the Department, which includes charging and collecting fees as provided in the State Act. Id. § 858-708. There is, however, no provision in the State Act authorizing "expenditure" of the funds by the Department. Moreover, the common, ordinary meaning of "administrative" or "administration" in regard to government is defined as "the management of public affairs as distinguished from the executive or political function of policy making." Webster's Third New International Dictionary 28 (3d ed. 1993) (emphasis added). This "management" function of the Department with regard to these funds includes provision of administrative and staff support in processing the expenditure of funds approved by the Board in its "executive" role as policymaker. Distinct from the Department's management of the funds, approval of expenditure of funds for the operating expenses of the Department and the Board is a function necessary to carry out the State Act, and as such is reserved solely to the Board:
The Board shall have the following powers and duties:
. . . .
 8. To perform such other functions and duties as may be necessary in carrying out the provisions of the Oklahoma Certified Real Estate Appraisers Act.
59 O.S. 2001, § 858-706[59-858-706](B).
¶ 15 An officer or agency has, in addition to powers expressly granted by the Legislature, such powers as may be fairly implied from the statute granting express powers. Marley v. Cannon,618 P.2d 401, 405 (Okla. 1980). Board approval of expenditures from the fund is necessarily implied from the power granted to the Board to carry out the provisions of the State Act. The funds may be expended solely for the expenses of the Board and the Department in carrying out the statutory duties as provided in the State Act and for provision of Department assistance "in such other manner as may be requested" by the Board. Id. § 858-707(5). Thus, the function of the Department is in the nature of a custodian, collecting and holding funds for the account of the Board and disbursing funds only upon approval by the Board.
 IV. The Board May Employ The Office Of The Attorney General To Provide Legal Representation To The Real Estate Appraisers Board.
¶ 16 The State Act does not contain specific provisions authorizing either the Board or the Department to retain an attorney to represent the Board. The Legislature has provided that in the absence of legislative authority to retain legal counsel, a State board has no authority to employ or appoint an attorney to advise or represent the board.[1]
 [N]o state officer, board or commission shall have authority to employ or appoint attorneys to advise or represent said officer, board or commission in any matter.
74 O.S. Supp. 2002, § 18c[74-18c](A)(1).
¶ 17 The Legislature has vested such representation of boards in the office of the Attorney General.
 All the legal duties of such officer, board or commission shall devolve upon and are hereby vested in the Attorney General[.]
Id. § 18c(A)(4).
¶ 18 The Legislature has provided specific statutory authority which allows an agency to contract with the Office of the Attorney General for legal representation. 74 O.S. 2001, § 20i[74-20i](A)(2). However, in the absence of such specific legislative authority, neither the Board nor the Department has authority to employ or retain a private attorney to represent the Board. That duty is vested in the office of the Attorney General. 74 O.S. Supp. 2002, § 18c[74-18c](A)(4).
¶ 19 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Oklahoma Real Estate Appraisers Board is an independent board created by the Legislature (59 O.S. 2001, § 858-705[59-858-705](A)) to develop a real estate appraiser certification process which meets the federal guidelines set forth in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. Id. § 858-701. The actions approved by the Board are not subject to review or veto by the Insurance Department. Id. § 858-706(C).
 2. The power to approve the expenditure of funds from the Oklahoma Certified Real Estate Appraisers Revolving Fund is reserved to the Oklahoma Real Estate Appraisers Board as a function required to carry out the provisions of the Oklahoma Certified Real Estate Appraisers Act. Id. §§ 858-706(B)(8); 858-707(5). The Insurance Department is responsible for providing administrative direction, as described in the Oklahoma Certified Real Estate Appraisers Act, to carry out such expenditures approved by the Board. Id. § 858-730.
 3. The legal representation of the Oklahoma Real Estate Appraisers Board is vested with the office of the Attorney General, 74 O.S. Supp. 2002, § 18c[74-18c](A)(4), and the Board may approve a contract with the office of the Attorney General for such representation as provided by 74 O.S. 2001, § 20i[74-20i](A)(2). The Department has no authority to provide legal representation for the Board. 74 O.S. Supp. 2002, § 18c[74-18c](A)(1).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 ANNETTE HOOPER PRINCE Assistant Attorney General
[1] This prohibition does not apply to certain agencies which are authorized by the Legislature to employ attorneys, none of which include the Oklahoma Real Estate Appraisers Board. 74 O.S. Supp. 2002, § 18c[74-18c](A)(2). The Insurance Department is authorized by statute to employ attorneys to represent the Insurance Commissioner in the discharge of his duties under the Insurance Code. 36 O.S. 2001, § 305[36-305](A). There is no statutory authority granted to the Commissioner to appoint or employ attorneys to represent the Commissioner, the Department or the Board in regard to the discharge of their duties under the Oklahoma Certified Real Estate Appraisers Act. Agencies may also obtain legal representation if the Attorney General is unable to represent the agency or official due to a conflict of interest, or the Office of Attorney General is unable or lacks the personnel or expertise to provide the specific representation required by such agency or official. 74 O.S. 2001, § 20i[74-20i](A(3).